1  KILPATRICK TOWNSEND & STOCKTON LLP
   LARRY W. McFARLAND (State Bar No. 129668)
2  lmcfarland@ kilpatricktownsend.com
   DENNIS L. WILSON (State Bar No. 155407)
3  DWilson@kilpatricktownsend.com
   DAVID K. CAPLAN (State Bar No. 181174)
4  dcaplan@kilpatricktownsend.com
   CHRISTOPHER T. VARAS (State Bar No. 257080)
5  CVaras@kilpatricktownsend.com
   9720 Wilshire Blvd PH
6  Beverly Hills, CA  90212-2018
   Telephone:  310-248-3830
7  Facsimile:   310-860-0363

8

   Attorneys for Plaintiffs
9  SHOWTIME NETWORKS INC.,
   HOME BOX OFFICE, INC.,
10 MAYWEATHER PROMOTIONS, LLC, and
   TOP RANK, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SHOWTIME NETWORKS INC., HOME BOX OFFICE, INC., MAYWEATHER PROMOTIONS, LLC, and TOP RANK, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DOE 1 d/b/a boxinghd.net, JOHN DOE 2 d/b/a sportship.org and d/b/a "Carlo Magno", and JOHN DOES 3-10 inclusive, <br><br> Defendants. | Case No. 2:15-CV-03147-GW-MRW <br><br> **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

1  This matter came before the Court on the *ex parte* application for a Temporary
2  Restraining Order and to Show Cause why a Preliminary Injunction Should not Issue,
3  filed by plaintiffs Showtime Networks, Inc., Home Box Office, Inc., Mayweather
4  Promotions, LLC and Top Rank, Inc. (collectively "Plaintiffs".  The Court has
5  considered the papers submitted by Plaintiffs and, finding good cause, hereby
6  GRANTS Plaintiffs' application.

7  The Court finds that Plaintiffs have satisfied the requirements for a temporary
8  restraining order and an order to show cause why a preliminary injunction should not
9  issue.  Plaintiffs have established that they are likely to succeed on the merits of their
10 claims.  Plaintiffs have established that that they jointly own the exclusive rights to,
11 among other things, reproduce and transmit the coverage of the May 2, 2015 fight
12 between Manny Pacquiao and Floyd Mayweather, including the two undercard bouts
13 (the "Coverage") within the United States and elsewhere.  Plaintiffs properly served
14 Defendants with the Advance Notice of Potential Infringement required by 17 U.S.C.
15 § 411(c) and 37 C.F.R. § 201.22 more than forty-eight hours before the May 2, 2015
16 fight and intend to register the copyright in the Coverage, as joint authors, within
17 three months after May 2, 2015.  The Coverage will be protected under the Copyright
18 Act as it is fixed in a tangible medium of expression simultaneously with its initial
19 transmission.

20 Plaintiffs have presented compelling evidence that Defendants intend to
21 provide an unauthorized stream of the Coverage through the websites <boxinghd.net>
22 and <sportship.org> (the "Infringing Websites").  Plaintiffs have presented screen
23 shots in which Defendants represent that they intend to provide an unauthorized
24 online stream of the live Coverage as it its initially transmitted.  Plaintiffs have also
25 presented evidence that Defendants have offered unauthorized online streams of prior
26 boxing matches.  Defendants have not responded to Plaintiffs' Advance Notice of
27 Potential Infringement.  If Defendants were to proceed with their anticipated
28 unauthorized stream of the Coverage, they would violate exclusive rights owned by

Plaintiffs under the Copyright Act, including without limitation the exclusive rights of reproduction and public performance.

Plaintiffs have presented evidence that Defendants rely on various third party service providers to keep the Infringing Websites online. These service providers include but are not limited to Namecheap.com, Inc., Enom, Inc. and Hostwinds, LLC.

Plaintiffs have established that they will suffer irreparable harm in the absence of immediate relief. Among other things, Defendants' threatened infringement would strip Plaintiffs of the critical right of first transmission and publication of an extremely valuable live sporting event, would interfere with Plaintiffs' relationships with third parties, is likely to damage Plaintiffs' goodwill among consumers, and will deprive Plaintiffs of revenue that will be difficult or impossible to calculate, but is likely far in excess of any amount that Defendants could repay to Plaintiffs in damages even if the amount could be calculated.

The balance of equities also tips sharply in Plaintiffs' favor. The Court is not aware of any legitimate interest of Defendants that would be damaged by Plaintiffs' requested injunction.

An injunction is also in the public interest because it will effectuate the policy and purpose of the Copyright Act to protect intellectual property rights and to incentivize the creation of copyrightable works.

The Court finds that no bond is required in this case because there is no realistic likelihood that Defendants will be harmed by Plaintiffs' requested injunction.

The Court also finds that *ex parte* relief is appropriate in this case because Plaintiffs have acted expeditiously and have established that they will suffer irreparable harm if their application is heard on the normal motion calendar. Plaintiffs also gave Defendants notice of this application, giving them an opportunity to be heard.

Accordingly, the Court, pursuant to 17 U.S.C. §§ 502 and 512(j) and the Court's equitable powers, hereby ORDERS as follows:

1.    Each and every one of the Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns and all those acting in active concert or participation with any of them, including any and all service providers who receive notice of this Order, are temporarily restrained and enjoined from:

    a. hosting, linking to, distributing, reproducing, performing, selling, offering for sale, making available for download, streaming or making any other use of the Coverage or any portion thereof;

    b. taking any action that induces, causes or materially contributes to the direct infringement of Plaintiffs' rights in the Coverage by any third party, including without limitation hosting, linking to, distributing, reproducing, performing, selling, offering for sale, making available for download, streaming or making any other use of the Coverage or any portion thereof;

    c. otherwise infringing Plaintiffs' copyright in the Coverage in any manner, whether directly, contributorily, vicariously or in any other way; and

    d. transferring or performing any function that results in the transfer of the registration of the domain names <boxinghd.net> or <sportship.org> to any other registrant or registrar.

2.    Without limiting Paragraph 1 above in any way, it is further ordered that upon receipt of this Order and beginning no later than 8:45 p.m. Eastern Time on May 2, 2015, all service providers whose services will enable or facilitate Defendants' anticipated infringement are ordered to suspend all services with respect to Defendants' Infringing Websites. This includes Namecheap.com, Inc., Enom, Inc., Hostwinds, LLC. as well as all other hosts, registrars and name servers, and also includes all providers who enable video delivery services to and from Defendants' infringing websites including all site acceleration providers, providers of video delivery resources, and providers of computer and network resources through which

video transits. Services may be restored to the Infringing Websites no earlier than 6:00 a.m. Eastern Time on May 3, 2015. For the avoidance of doubt, the Court's intent is to ensure that Defendants' Infringing Websites be rendered offline, inaccessible and incapable of receiving or displaying audio or video signals between 8:45 p.m. Eastern Time on May 2, 2015 and 6:00 a.m. Eastern Time on May 3, 2015.

3. It is further ordered that Defendants and each of them, including without limitation their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns and all those acting in active concert or participation with any of them are temporarily restrained and enjoined from effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein.

4. This temporary restraining order is issued and effective as of 4:00 p.m. Pacific Time on April 30, 2015 and will expire at 12:00 p.m. Pacific Time on May 7, 2015.

5. Plaintiffs are not required to post any bond prior to the issuance of this temporary restraining order.

6. Defendants and each of them must show cause why the terms of this Temporary Restraining Order set forth in Paragraphs 1 through 3 above should not be entered as a preliminary injunction. For purposes of this Order to Show Cause the Court construes Plaintiffs' application as a motion for entry of a preliminary injunction, and hereby sets a hearing on Plaintiffs' motion on May 7, 2015 at 9:00 a.m. Pacific Time. Any opposition to Plaintiffs' motion must be filed and served on all parties no later than 12:00 p.m. Pacific Time on May 4, 2015. Plaintiffs shall file their reply to any opposition no later than 5:00 p.m. Pacific Time on May 5, 2015.

7. No later than 12:00 p.m. Pacific Time on May 1, 2015, Plaintiffs shall give each of the Defendants notice of this Order by electronic mail and overnight delivery to the same addresses Plaintiffs used to serve the Advance Notice of Potential Infringement. Plaintiffs' obligations under this Paragraph 7 shall be

satisfied once the email notices have been sent and the hard copy notices have been delivered to an overnight courier. Plaintiffs have no obligation to further confirm that the notice was successfully delivered or to re-send any notice that is returned as undeliverable for any reason. Plaintiffs shall file a declaration attesting to their compliance with this Paragraph 7 no later than 5:00 p.m. on May 1, 2015.

8. Plaintiffs shall include a copy of this Order in any correspondence they send to any person or entity they believe is acting in active concert or participation with any of Defendants, including without limitation Namecheap.com, Inc., Enom, Inc., Hostwinds, LLC and any other person or entity who provides services with respect to <boxinghd.net> and/or <sportship.org>.

9. Plaintiffs may apply to this Court for modifications of this Temporary Restraining Order as appropriate.

IT IS SO ORDERED

Entered this 30th day of April, 2015

_____
Hon. George H. Wu
United States District Judge