UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-CV-03147-GW-MRW | Date | April 30, 2015 |
|---|---|---|---|
| Title | *Showtime Networks Inc., et al. v. Doe, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None Present | None Present | |

**PROCEEDINGS (IN CHAMBERS):** ORDER RE EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

  Showtime Networks Inc., Home Box Office, Inc., Mayweather Promotions, LLC and Top Rank, Inc. (collectively "Plaintiffs") have filed suit for direct federal copyright infringement, contributory federal copyright infringement, and vicarious federal copyright infringement, against John Doe 1 d/b/a <boxinghd.net>, John Doe 2 d/b/a <sportship.org> and d/b/a "Carlo Magno," and John Does 3 through 10 inclusive (collectively, "Defendants"), in connection with Defendants' professed planned attempts to "live-stream" over the Internet the upcoming professional boxing match between Floyd Mayweather, Jr. and Manny Pacquiao (and other boxing matches on the undercard of that fight) on Saturday, May 2, 2015. *See, e.g.*, Complaint ¶¶ 11, 20-22, 24. Plaintiffs allege that they jointly own the exclusive rights to, among other things, reproduce and distribute coverage of the fights in the United States (*see id.* ¶ 63, *see also* Espinoza Decl. ¶¶ 3, 7) and that they will be – the coverage not having occurred yet, obviously – joint authors and joint owners of the copyright, with exclusive rights to reproduce and transmit coverage of the fights, and intend to register the copyright within three months after May 2. *See* Complaint ¶¶ 14-15, 64-65; Espinoza Decl. ¶¶ 6-7. Consumers are able to purchase coverage of the fight by way of a pay-per-view arrangement. *See* Complaint ¶¶ 16-17; Espinoza Decl. ¶ 8.

  Plaintiffs allege that there is no authorized online streaming coverage of the fight to United States audiences. *See* Complaint ¶¶ 18, 32; Espinoza Decl. ¶¶ 10, 12. Yet Defendants' websites – <boxinghd.net> and <sportship.org> – *only* contain content promoting or monetizing their intention to

|  | : |  |
|---|---|---|
|  | Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-CV-03147-GW-MRW | Date | April 30, 2015 |
|---|---|---|---|
| Title | *Showtime Networks Inc., et al. v. Doe, et al.* | | |

infringe Plaintiffs' rights. *See* Complaint ¶¶ 28, 30; Brasich Decl. ¶¶ 7-12, 14, Exhs. A-E.[1] Plaintiffs allege that Defendants "have a long history of promoting infringing streams of copyrighted broadcasts of boxing matches." Complaint ¶ 35; Espinoza Decl. ¶ 13, Exh. C.

Plaintiffs assert that Defendants have concealed their true identities, locations and contact information from both Plaintiffs and the public in general. *See* Complaint ¶¶ 44-51; Brasich Decl. ¶¶ 15-16, 20-21, 24-25, Exh. H. <boxinghd.net> has its ownership information completely concealed through a privacy protection service located in Panama, and the domain-registrant information for <sportship.org> includes unverified, incomplete and invalid information. *See* Complaint ¶¶ 46-47; *see also* Brasich Decl. ¶¶ 15, 18-19, 22-23, Exh. H.

However, Plaintiffs indicated that they served Defendants with an Advance Notice of Potential Infringement pursuant to 37 C.F.R. § 201.22 on April 25, 2015. *See* Complaint ¶¶ 52, 57 & Exh. E. They did so by way of email to the privacy protection email address listed for <boxinghd.net> and the email address used to register <sportship.org>, in addition to sending the notice via international overnight delivery to Defendants care of the Panamanian privacy protection service. *See id.* ¶ 55; Varas Decl. ¶ 3, Exh. A. They also served the notice by way of an email address listed on <sportship.org> that is specifically designated for submitting claims of copyright infringement and directs users to a website operated by a third party, CPAlead, LLC ("CPAlead"). *See* Complaint ¶¶ 49-50, 56; *see also* Brasich Decl. ¶¶ 26-27, Exhs. L-M. In addition to the email to CPAlead, Plaintiffs served the notice via CPAlead by way of overnight delivery. *See* Complaint ¶ 56. Despite Plaintiffs' efforts in these regards, there is no indication that Defendants intend to deviate from their planned live-stream of the fights. *See id.* ¶¶ 58-59.

Plaintiffs have now moved for an ex parte temporary restraining order ("TRO") and order to show cause setting a preliminary injunction hearing. As of April 29, 2015, Defendants have not appeared in this action nor opposed the instant application.

Notice of the Application

On April 25, 2015, Plaintiffs served Defendants with an "Advance Notice of Potential Infringement" by way of the aforementioned email addresses and hard-copy delivery care of CPAlead.[2] *See*

---

[1] On April 29, 2015, Plaintiffs submitted a supplemental filing indicating that Defendants had taken down most all of the content that had been up on the websites as of the time Plaintiffs filed suit. However, these changes do not impact the need for or utility of a temporary restraining order, and only further demonstrate that the balance of equities lies in Plaintiffs' favor, as the issuance of such an order will clearly harm Defendants not at all under current circumstances. *See Polo Fashions, Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132, 1135-36 (9th Cir. 1986).

[2] The "Advance Notice of Potential Infringement" is provided for in 17 U.S.C. § 411(c) which state as follows:

In the case of a work consisting of sounds, images, or both, the first fixation of which is made

:

Initials of Preparer    JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-CV-03147-GW-MRW | Date | April 30, 2015 |
|---|---|---|---|
| Title | *Showtime Networks Inc., et al. v. Doe, et al.* | | |

Varas Decl. ¶¶ 3-5, Exhs. A-C. They also gave notice of the Complaint and ex parte application by way of the email addresses. *See id.* ¶¶ 7-8, Exhs. D-E.

The Case for a Temporary Restraining Order/Injunctive Relief

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Analysis of a temporary restraining order is "substantially identical" as that for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *NML Capital, Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F.Supp.2d 1111, 1117 (C.D. Cal. 2011) ("'The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.'") (quoting *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Cal. 1995)).

Likelihood of Success on the Merits

Plaintiffs first take the position that copyright registration is not a prerequisite when it comes to protection of live performances/broadcasts. *See National Football League v. Cousin Hugo's, Inc.*, 600 F.Supp. 84, 86-87 (E.D. Mo. 1984); *Live Nation Motor Sports, Inc. v. Davis*, Case No. 3:06-cv-276-L, 2007 WL 79311 *2-3 (N.D. Tex. Jan. 9, 2007); *id.*, 2006 WL 3616983 (N.D. Tex. Dec. 12, 2006); *see also* 17 U.S.C. § 411(c). They then quote legislative history supporting the view that a plaintiff seeking to protect such rights may still rely on copyright law, and is not left simply with common law rights in that effort. Plaintiffs demonstrate that they have given Defendants the notice necessary to invoke this

---

simultaneously with its transmission, the copyright owner may, either before or after such fixation takes place, institute an action for infringement under section 501, fully subject to the remedies provided by sections 502 through 505 and section 510, if, in accordance with requirements that the Register of Copyrights shall prescribe by regulation, the copyright owner –

(1) serves notice upon the infringer, not less than 48 hours before such fixation, identifying the work and the specific time and source of its first transmission, and declaring an intention to secure copyright in the work; and

(2) makes registration for the work, if required by subsection (a), within three months after its first transmission.

*See also* 37 C.F.R. § 201.22(c) (describing the required contents of an Advance Notice of Potential Infringement); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 163-69 (2010) (holding that copyright registration requirement is not jurisdictional).

| | : |
|---|---|
| Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-CV-03147-GW-MRW | Date | April 30, 2015 |
|---|---|---|---|
| Title | *Showtime Networks Inc., et al. v. Doe, et al.* | | |

Court's jurisdiction under Section 411(c). *See* 37 C.F.R. § 201.22(c)-(e); Varas Decl. ¶ 3 & Exh. A.[3]

Given the above, Plaintiffs have established that they are likely to prevail on at least their direct copyright infringement claim.[4] *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001) ("Plaintiffs must satisfy two requirements to present a prima facie case of direct infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106."); 17 U.S.C. §§ 411(c), 501(b). Plaintiffs – or at least Showtime – owns the right to transmit and reproduce the live coverage of the fight. *See* Espinoza Decl. ¶ 3. There is no question that the planned coverage will be entitled to copyright protection. *See Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 847 (2d Cir. 1997). Moreover, Plaintiffs own – or will own – the copyright in the coverage of the fights, along with the rights associated with that copyright. *See* Espinoza Decl. ¶¶ 6-7; *see also* Varas Decl. ¶ 3, Exh. A. Defendants clearly plan to violate Plaintiffs' rights in that copyright. *See, e.g., Warner Bros. Entm't v. WTV Sys., Inc.*, 824 F.Supp.2d 1003, 1008-12 (C.D. Cal. 2011).

Irreparable Harm

Defendants allege that they will suffer severe and irreparable harm from the anticipated infringement, harm that cannot adequately be compensated by monetary damages. *See* Complaint ¶¶ 36, 43. Among other things, they contend that:

> Defendants' anticipated unlawful distribution will impair the marketability and profitability of the Coverage, and interfere with Plaintiffs' own authorized distribution of the Coverage, because Defendants will provide consumers with an opportunity to view the Coverage in its entirety for free rather than paying for the Coverage provided through Plaintiffs' authorized channels.

*Id.* ¶ 38; *see also* Espinoza Decl. ¶¶ 15-16. In fact, Plaintiffs have provided evidence supporting the conclusion that the fight is expected to become the highest-grossing boxing pay-per-view event of all time. *See* Espinoza Decl., ¶ 5, Exh. B at p. 16 of 82. Absent infringers such as Defendants, Plaintiffs would be the exclusive source of the fight coverage. *See Live Nation*, 2006 WL 3616983, *5. It will be impossible to calculate damages because there will be no way of knowing how many people would have purchased Plaintiffs' coverage in the absence of Defendants' infringing activity. *See* Espinoza Decl. ¶ 17.

---

[3] Plaintiffs also explain their basis for a conclusion that the Court has personal jurisdiction over the Defendants, a contention that appears on its face (and without, at this stage, any opposition) to be well-justified. *See* Brasich Decl. ¶¶ 6, 17; Espinoza Decl. ¶ 9; *see also Mavrix Photo, Inc. v. Brand Techs., Inc.,* 647 F.3d 1218, 1231 (9th Cir. 2011).

[4] As such, the Court has no reason, for purposes of the present proceeding, to analyze Plaintiffs' likelihood of success on their contributory and vicarious copyright infringement claims (although it has little doubt that Plaintiffs are able to demonstrate that as well).

:

Initials of Preparer  JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-CV-03147-GW-MRW | Date | April 30, 2015 |
|---|---|---|---|
| Title | *Showtime Networks Inc., et al. v. Doe, et al.* | | |

Plaintiffs also assert that their relationships with consumers and authorized television carriers will be irreparably harmed. *See* Complaint ¶ 39; Espinoza Decl. ¶ 18. In addition, Plaintiffs believe their reputation with consumers will be harmed because they cannot exercise quality control over Defendants' stream of the fights, and consumers may mistakenly associate any quality problems with Plaintiffs. *See* Complaint ¶ 41; Espinoza Decl. ¶ 19.

Plaintiffs have plainly satisfied this requirement. *See Warner Bros.*, 824 F.Supp.2d at 1012-14; *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F.Supp.2d 1197, 1217-19 (C.D. Cal. 2007).

Balance of Equities

The Court cannot conceive of any equities favoring likely infringers, such as the Defendants herein. *See Cadence Design Sys., Inc. v. Avant! Corp.*, 125 F.3d 824, 829-30 (9th Cir. 1997); *Warner Bros.*, 824 F.Supp.2d at 1014-15.

Public Interest

The public interest in protecting and preserving copyright rights clearly favors issuance of a temporary restraining order. *See Warner Bros.*, 824 F.Supp.2d at 1015; *Metro-Goldwyn-Mayer Studios*, 518 F.Supp.2d at 1222.

Scope of Injunction

Because the only content currently on the websites in question promotes the anticipated infringement, the Court finds that Plaintiffs' request to include in any injunction language to the effect of ordering service providers to suspend all services to those websites for less than 12 hours surrounding the fight is well-taken. *See* Fed. R. Civ. P. 65(d)(2). Such an order does not appear to have any prospect of interfering with non-infringing activity. However, the Court informed Plaintiffs' counsel that it wanted the known service providers to be advised of the pending TRO application and, if they so desired, they could comment on it. On April 30, 2015, Plaintiffs advised the Court that they had sent notice of the ex parte application to Hostwinds, LLC, Enom Inc. and Namecheap.com, Inc., none of whom had indicated any desire to oppose or wish to be heard in connection with the instant application. *See* Docket No. 17.

Bond

Plaintiffs request that the Court require no bond. Given Plaintiffs' allegations and the appearance that there will be no harm to any legitimate activity of the Defendants, the Court agrees that it may dispense with any bond in this situation. *See Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) ("The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."). While the Court might have considered ordering a bond had any service provider participated in the instant application, no service

|  | : |
|---|---|
| Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-CV-03147-GW-MRW | Date | April 30, 2015 |
|---|---|---|---|
| Title | *Showtime Networks Inc., et al. v. Doe, et al.* | | |

provider has done so.

Conclusion

     For the reasons set forth above, by way of a separate order the Court will issue a Temporary Restraining Order and an Order to Show Cause why a preliminary injunction should not issue.[5] The hearing date for the preliminary injunction will be on May 7, 2015 at 9:00 A.M.

---

[5] The live event, and Plaintiffs' live coverage of it, will be well over by the time a preliminary injunction hearing occurs, but Plaintiffs can still seek to protect their copyrighted broadcast from being subsequently displayed/distributed without authorization thereafter.

    : 

Initials of Preparer   JG